UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara Jeanne Hall,                                              Civ. No. 14-4602 (PAM/FLN)

                Plaintiff,

v.                                                                **MEMORANDUM AND ORDER**

Margaret Burrell Hall, as
Trustee of the Robert L. Hall
Living Trust,

                Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

In November 2012, Robert Hall filed a state-court lawsuit against his daughter, Barbara Hall, and her children, Kevin and Grace Barry, seeking a declaration regarding Robert's ownership interest in a limited liability company (LLC) that owns a senior-living center called the Cottages of Vadnais Heights. (Compl. ¶ 11.) Barbara contended in that lawsuit that Robert had transferred his interest in the LLC to her and her children in 1997. Ramsey County Judge John H. Guthmann eventually determined, in a November 2013 summary-judgment ruling and after a June 2014 bench trial, that Robert did not transfer his interest in the LLC and that he therefore retained a 51% interest in the LLC. He awarded Robert nearly $1.8 million in unpaid distributions, attorney's fees, and interest. (Id. ¶ 13.) Barbara and her children have appealed that ruling; that appeal is currently pending before

the Minnesota Court of Appeals, awaiting a hearing date. The parties are negotiating a stay of the judgment pending the appeal and have agreed to a "standstill" until they agree to the terms of that stay.

In October 2014, Robert died, leaving his interest in the Cottages LLC to the Robert L. Hall Living Trust. (Id. ¶ 14.) Margaret Burrell Hall is the Trustee of the Trust and is the named Defendant in this case. The Trust has been substituted for Robert in the state-court case as well.

On October 31, 2014, Barbara brought this declaratory-judgment action, seeking a declaration regarding the legal effect of Robert's death on the Cottages LLC. Barbara contends that Robert's death resulted in the termination of his membership interest and governance rights in the Cottages LLC, so that all governance rights in the LLC are now Barbara's exclusively. (Id. ¶ 15.) The Trustee contends that under the LLC's Articles of Organization, Robert's death means that the LLC must be dissolved and liquidated to satisfy its debts, including the Ramsey County judgment, and that she retains Robert's governance rights until the dissolution. (Id. ¶ 16.)

The Trustee seeks dismissal of this action contending that the Court should decline to exercise jurisdiction in light of the pending state litigation. Barbara contends that the state court will not address the legal effect of Robert's death, making abstention inappropriate.

**DISCUSSION**

Four days after Barbara filed this declaratory-judgment action in federal court, the state court held a hearing on the Trustee's request that Barbara file a supersedeas bond to secure a stay of enforcement of the judgment pending the appeal. At that hearing, the Ramsey County court learned for the first time that Barbara had filed this federal-court action. Discussing his jurisdiction over the matter in light of the pending appeal, Judge Guthmann said that he believed he had jurisdiction to consider matters collateral to the judgment, such as the supersedeas bond, but that it was not "apparent . . . that I have the jurisdiction without a separate motion or separate lawsuit to decide whether the governance rights survive [Robert's death]." (Schwartz Aff. Ex. A (Tr. of Nov. 3, 2014, hrg.) at 6-7.)

According to Barbara, this comment means that neither Judge Guthmann nor the Minnesota Court of Appeals will address the legal effect of Robert's death on the continuing viability and governance of the LLC. Thus, Barbara argues, there is no parallel state court litigation, and the Court therefore has less discretion to decline to consider her declaratory judgment action. But Barbara overstates the meaning of Judge Guthmann's comments. Judge Guthmann said that he would not consider the legal effect of Robert's death in the absence of a motion or separate lawsuit requesting he do so. He did not indicate that the issue was beyond the scope of the pending state-court action, nor did any party raise the possibility of moving the Court of Appeals to supplement the record or to stay the appeal pending the district court's consideration of the issue.

> As the Trustee argues, the pending appeal is a parallel state action.
>
> If the pending state court proceeding would better settle the issues, "the district court must dismiss the federal action because it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008) (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942)).  Thus, the Court must decline to exercise jurisdiction over this lawsuit.

Moreover, the Court has serious doubts about whether it has subject-matter jurisdiction over the dispute in any event.  Indeed, Barbara's counsel seemed to recognize as much, stating at the hearing on the instant Motion that a stay of the federal action would be appropriate pending the Minnesota Court of Appeals' ruling.  If the Court of Appeals reverses the Ramsey County judgment, there will be no need to determine the effect of Robert's death—the LLC will revert to Barbara and her children and that will be the end of the matter.  Until the appellate court rules on the appeal, the issues raised in this lawsuit are simply not ripe for adjudication.  See Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967) (Ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . .").

Because there is pending parallel state-court litigation and because the issues presented in this case are not ripe for resolution, the Court must dismiss the Complaint.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 6) is **GRANTED** and the Complaint is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 8, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge